UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. M. A. C.,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-03474-DC-JDP (HC)<br><br><u>ORDER GRANTING PETITIONER'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER AND PETITION<br>FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2, 3, 8) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention.[1] (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 9). Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary

---

[1] Petitioner also filed a motion to proceed under a pseudonym. (Doc. No. 3.) Respondents did not file an opposition to that motion. Having considered the unopposed motion to proceed under pseudonym, the court finds that Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in his petition. Further, the prejudice to Respondents appears to be minimal, and the public's interest in open judicial proceedings is not meaningfully impaired by permitting Petitioner to proceed under a pseudonym. Accordingly, the court will grant Petitioner's motion. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

1

detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention).

On May 6, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 6.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On May 8, 2026, Respondents filed an opposition to Petitioner's motion for temporary restraining order in which they oppose Petitioner's motion on the same grounds as those addressed by the court in the aforementioned cases, but acknowledge that "there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from" *Alvarez Maciel* and *Barajas Ortiz*. (Doc. No. 8 at 2.) Respondents further indicate that they do not oppose, and in fact, respectfully request that the Court resolve the underlying habeas petition on the current briefing and without a hearing." (*Id.*) On that same day, Petitioner filed a reply indicating that he likewise does not oppose the court ruling on the petition. (Doc. No. 11.)

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in

the court's order in *Zuniga Cruz*.[2] Further, as the court found in *Zuniga Cruz*, the proper remedy for Respondent's failure to provide Petitioner with a statutorily compliant bond hearing is Petitioner's immediate release. *Zuniga Cruz*, 2026 WL 890471, at *4.

Accordingly,

1.     Petitioner's motion to proceed under a pseudonym (Doc. No. 3) is GRANTED;

2.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a.     Petitioner R. M. A. C. shall be released immediately from Respondents' custody. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    a.     If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

    b.     This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3.     Respondents' motion to dismiss (Doc. No. 8) is DENIED;

4.     The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

---

[2] Because the court is granting the petition on the statutory claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

3

5.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **May 14, 2026**

_____
Dena Coggins
United States District Judge

4